**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:08-CR-582 CAS |
| v. ) | |
| ) | |
| ) | |
| BASSAM HISHAM HAMED, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on various pretrial matters. Pursuant to 28 U.S.C. § 636(b), this Court referred all pretrial matters in this case to United States Magistrate Judge Thomas C. Mummert, III. Judge Mummert held an evidentiary hearing in this matter on March 9 and 10, 2009. On April 6, 2009, Judge Mummert filed a Memorandum and an Order and Recommendation of United States Magistrate Judge which recommended that defendants' Motions to Quash Search Warrant or Suppress Physical Evidence, Motions to Suppress Electronic Surveillance, Motions to Suppress Oral and Written Statements, Motions for Bill of Particulars, Motions to Dismiss Indictment, and Motion to Sever Defendants be denied.

Nine of the fourteen defendants made pre-trial motions, and filed the following objections to Judge Mummert's Memorandum and Order and Recommendation:

### *I.*  *BASSAM HISHAM HAMED*

Defendant Bassam Hisham Hamed was indicted on seven (7) counts for RICO Conspiracy (Count I), Bank Fraud (Count II), Bank Fraud (Count VI), Bank Fraud (Count VIII), Bank Fraud (Count X), Transporting Monetary Instruments to Avoid Reporting Requirement (Count XV), and

Conspiracy to Structure in Order to Avoid Reporting Requirements (Count XVIII). Bassam Hisham Hamed filed seven (7) pretrial motions: motion for disclosure of any favorable, exculpatory and impeaching information; motion for disclosure pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence; motion to quash the search warrant authorizing the search of 3852 Virginia, 9101 West Florissant, and 940 Zohner Court, and to suppress all evidence seized; motion to suppress the contents of any electronic surveillance; motion to suppress his oral or written statements; motion for a bill of particulars; and motion to dismiss the indictment for duplicity and/or multiplicity. Judge Mummert denied as moot defendant Bassam Hisham Hamed's motion for disclosure of any favorable, exculpatory and impeaching information and motion for disclosure pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence, and recommended that the remaining five (5) motions be denied.

Defendant Bassam Hisham Hamed filed objections to Judge Mummert's Memorandum and Order and Recommendation and asserts that the Magistrate Judge's conclusions were contrary to law. He argues, contrary to Judge Mummert's conclusions: that the indictment is duplicitous, or in the alternative, multiplicitous because it joins two or more distinct counts in a single count and it charges the same crimes in two counts; that the government failed to identify the specific purposes of the alleged racketeering enterprise, the recipients of the illegal money, or the "two acts" of racketeering; that there was insufficient probable cause in the affidavits used to support the electronic surveillance; that there was insufficient minimization of the electronic surveillance in that all conversations were recorded, including privileged ones, with minimization to occur later; that there were no separate, identifiable guidelines to determine pertinence for purposes of minimunization; that the electronic surveillance was not necessary in that traditional investigative techniques were not

ineffective; that his detention and questioning at an airport in 2006 was not reasonable in time and manner because the circumstances of the arrest were coercive and without probable cause; and that his motion for disclosures pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence was not moot merely because the government recognized its obligation to produce this information. Defendant Bassam Hisham Hamed also asserts that the Magistrate Judge's finding of fact was contrary to evidence adduced at the evidentiary hearing in that interpreters were not present at all times in the monitoring room during electronic surveillance.

### A. *The Indictment*

The Court will overrule defendant Bassam Hisham Hamed's objections regarding the indictment. The Court does not find that the indictment is duplicitous or multiplicitous, and the other objections are without merit.

### B. *Electronic Surveillance*

The Court will also overrule defendant Bassam Hisham Hamed's objections regarding the electronic surveillance. As noted by Judge Mummert in his Memorandum, defendant did not challenge in his pretrial motions whether there was sufficient probable cause to authorize the wiretaps. The Court concurs with the Magistrate Judge's conclusions regarding the showing the government made pertaining to deficiencies in traditional investigative techniques it employed or could have employed. As for defendant's arguments regarding minimization, the Court has reviewed the entire transcript of the evidentiary hearing and the exhibits therefrom, and finds that the Magistrate Judge's finding of fact that interpreters were present at all times in the monitoring room is not supported by the evidence presented. At the hearing, Special Agent Lee Morrison testified that there were two, and maybe three interpreters assigned to the investigation at any given time. He

stated that the FBI staggered the interpreters' shifts in an attempt to maximize their coverage, but that an interpreter was not always in the monitoring room. See Transcript at 28 ("[We] tried to spread [the interpreters] out and extend their hours so there would always be someone available, but I can't say that there was always [an interpreter] in the monitoring room."), and at 39 ("But we understood that at the same time it was impossible to have [interpreters in the monitoring room] all the time.") That said, this factual discrepancy does not impact the Magistrate Judge's legal conclusion regarding minimization. Judge Mummert took into account the fact that some of the calls in Arabic were intercepted and recorded in their entirety when an interpreter was not available,[1] and he analyzed the post-interception minimization efforts employed by the FBI. The Court concurs with the Magistrate Judge's conclusion that reasonable efforts were used to minimize unauthorized interceptions. The Court will overrule defendant's objections regarding electronic surveillance.

## C. *Airport Search*

The Court will also overrule defendant Bassam Hisham Hamed's objections regarding the search and questioning that took place at an airport in 2006. The event took place at the functional equivalent of a border when defendant was exiting the country. The Court agrees with the Magistrate Judge's conclusion that the border search was reasonable in time and manner.

## D. *Disclosures Motion*

Defendant Bassam Hisham Hamed also filed an objection to the Magistrate Judge's ruling that his motion to compel disclosures pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence

---

[1] Special Agent Morrison testified that frequently more than one call in Arabic would be intercepted simultaneously, and because of staffing limitations, the FBI often did not have more than one interpreter available to listen to the multiple calls. Therefore, many calls in Arabic were recorded in their entirety and minimized at a later date. See Transcript at 16, 34 and 36-37.

4

was moot. Judge Mummert did not file a recommendation as to this motion; he ruled on the motion. As the Magistrate Judge had the authority to rule on the motion, 28 U.S.C. § 626(b)(1)(A), the Court will not consider defendant's objection as regarding his motion for disclosures.

## II. *GHANDI HISHAM HAMED*

Ghandi Hisham Hamed was indicted on eight (8) counts for RICO Conspiracy (Count I), Bank Fraud (Count III), Bank Fraud (Count V), Bank Fraud (Count VII), Bank Fraud (Count IX), Conspiracy to Receive Stolen Goods (Count XII), Transporting Monetary Instruments to Avoid Reporting Requirement (Count XV), and Conspiracy to Structure in Order to Avoid Reporting Requirements (Count XVIII). Ghandi filed two (2) pretrial motions: motion to suppress evidence obtained from The Regal Store II, 1548 Urbandale, or through the use of "trash covers"; and motion to suppress the contents of any electronic surveillance. Judge Mummert recommended that the two (2) motions should be denied.

Defendant Ghandi Hisham Hamed objects to Judge Mummert's Memorandum and Order and Recommendation in that he asserts that there was evidence that privileged telephonic conversations between him and his spouse and him and his physician were intercepted with no attempt to minimize the interception; that the alleged "plain view" observation of the stolen Toshiba computer did not support the search of his home during his arrest because model and serial number were not visible unless the computer was picked up; and that the evidence used to obtain the search warrant for his store was "stale" because there had been no sales or deliveries of allegedly stolen goods in months, and the government's effort to freshen the probable cause should have failed because there was no showing that the purportedly stolen computer was taken into the store.

5

The Court will overrule defendant Ghandi Hisham Hamed's objections regarding the electronic surveillance. See discussion supra. As for Defendant Ghandi Hisham Hamed's other objections:

### A. *"Plain View" Search*

The Court will overrule defendant Ghandi Hisham Hamed's objection regarding the stolen Toshiba laptop computer. The Court agrees with the Magistrate Judge's conclusion that the computer was discovered during the execution of a proper arrest warrant, and it was properly searched under the plain view doctrine.

### B. *Search Warrant for the Store*

The Court will also overrule Ghandi Hisham Hamed's objections regarding the search of the Regal II store. As Judge Mummert detailed in his Memorandum, there was probable cause outlined in the affidavit supporting the warrant authorizing the search of the store.

### III. *AYOUB HISHAM HAMED*

Ayoub Hisham Hamed was indicted on two (2) counts for RICO Conspiracy (Count I) and Conspiracy to Receive Stolen Goods (Count XII). Ayoub Hisham Hamed filed six (6) pretrial motions: motion for discovery of Rule 404(b) evidence; motion for disclosure of deals; motion to sever defendants; motion for a bill of particulars; motion to suppress statements; and motion to suppress the contents of any electronic surveillance. Judge Mummert denied as moot Ayoub Hisham Hamed's motion for discovery of Rule 404(b) evidence, and denied his motion for disclosure of deals. He recommended that the remaining four (4) motions be denied.

Defendant Ayoub Hisham Hamed objects to Judge Mummert's Memorandum and Order and Recommendation in that he asserts that there were insufficient minimunization efforts used by agents

monitoring phone calls; that there were no separate, identifiable guidelines to determine pertinence for purposes of minimization; and that the electronic surveillance was not necessary in that traditional investigative techniques were not ineffective. He also argues that Judge Mummert failed to address his arguments regarding a bill of particulars, in that the indictment fails to identify the specifics of the illegal means or the entities in the Palestinian territories that allegedly received the illegal money.

The Court will overrule defendant's objections regarding the indictment and electronic surveillance. See discussions supra.

### IV. *SAID JARABAA*

Said Jarabaa was indicted on seven (7) counts for RICO Conspiracy (Count I), Bank Fraud (Count IV), Bank Fraud (Count XI), Conspiracy to Receive Stolen Goods (Count XII), Receiving Stolen Contraband Cigarettes (Count XIV), Transporting Monetary Instruments to Avoid Reporting Requirement (Count XVII), and Conspiracy to Structure in Order to Avoid Reporting Requirements (Count XVIII). Said Jarabaa filed nine (9) pretrial motions: motion for disclosure of any favorable, exculpatory and impeaching information; motion for disclosure pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence; motion for a bill of particulars; motion to dismiss the indictment for duplicity and/or multiplicity; motion to suppress his oral or written statements; motion to quash the search warrant authorizing the search of 9101 West Florissant and to suppress all evidence seized; motion to dismiss the indictment as to Count XI; motion to enforce settlement agreement with the United States, or in the alternative to dismiss Count XVII based on the doctrines of collateral estoppel and/or double jeopardy; and motion to suppress the contents of any electronic surveillance. Judge Mummert denied as moot defendant Said Jarabaa's motion for disclosure of any favorable, exculpatory and impeaching information and motion for disclosure pursuant to Rules 404(b) and 609

7

of the Federal Rules of Evidence, and recommended that the remaining seven (7) motions be denied.

Defendant Said Jarabaa filed objections to Judge Mummert's Memorandum and Order and Recommendation and asserts that the Magistrate Judge's conclusions were contrary to law as follows: that there was no limiting language in the Settlement Agreement, which according to defendant, released him and other defendants from prosecution; that under Count XI, information regarding his 2004 federal arson charges and trial, which ultimately resulted in a dismissal, constituted a closed record and need not have been disclosed on a bank loan application; that the indictment is duplicitous, or in the alternative, multiplicitous because it joins two or more distinct counts in a single count and it charges the same crimes in two counts; that the government failed to identify the specific purposes of the alleged racketeering enterprise, the recipients of the illegal money, or the "two acts" of racketeering he committed; that there was insufficient probable cause in the affidavits used to authorize the electronic surveillance; that there was insufficient minimization of the electronic surveillance in that all conversations were recorded, including privileged ones, with minimization to occur later; that there were no separate, identifiable guidelines to determine pertinence for purposes of minimization; that the electronic surveillance was not necessary in that traditional investigative techniques were not ineffective; that the circumstance of his arrest on November 17, 2006, was coercive and without probable cause and statements he made post-arrest should be suppressed; that his detention and questioning on three separate occasions at various airports between 2005 and 2006 were not reasonable in time and manner because the circumstances of the arrests were coercive and without probable cause; that the evidence used to obtain the search warrant for the Ferguson Market was "stale" and the government's effort to freshen the probable cause did not amount to probable

8

cause; and that his motion for disclosures pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence was not moot merely because the government recognized its obligation to produce this information. Defendant Said Jarabaa also asserts the Magistrate Judge's finding of fact was contrary to evidence adduced at the evidentiary hearing in that interpreters were not present at all times in the monitoring room during electronic surveillance.

The Court will overrule Said Jarabaa's objections regarding electronic surveillance, the indictment, searches at airports when Said Jarabaa was entering or exiting the country, and disclosures. See discussions supra. As for defendant Said Jarabaa's other objections:

### A. *Settlement Agreement*

The Court will overrule defendant Said Jarabaa's objection regarding the binding effect of language contained in a settlement agreement with the United States Attorney's Office for the Eastern District of Virginia. The Court agrees with the Magistrate Judge's analysis that nothing in the settlement agreement, which involved a civil forfeiture, precludes attorneys in the United States Attorney's Office for the Eastern District of Missouri from pursuing the charges in this case.

### B. *Closed Records*

The Court will also overrule defendant Said Jarabaa objection regarding Count XI. Like Judge Mummert, the Court finds unpersuasive defendant's argument that Court XI should be dismissed because information regarding defendant's 2004 arrest and trial on federal arson charges are contained in closed records and the information need not have been disclosed on a bank loan application.

### C. *Statement made to Police*

Upon review of the record, the Court also agrees with Judge Mummert that defendant Said Jarabaa was not in custody when he made statements to the police on November 17, 2006, and the Court will overrule defendant's objections regarding these statements.

### D. *Search Warrant for the Store*

The Court will also overrule Said Jarabaa's objections regarding the search of the Ferguson store. As Judge Mummert detailed in his Memorandum, there was probable cause outlined in the affidavit supporting the warrant authorizing the search of the store.

### V. SUHAIL JARABAA

Suhail Jarabaa was indicted on three (3) counts for RICO Conspiracy (Count I), Receiving Contraband Cigarettes (Count XIV), and Conspiracy to Structure in Order to Avoid Reporting Requirements (Count XVIII). Suhail Jarabaa filed three (3) pretrial motions: motion to suppress his statements; motion to suppress physical evidence; and motion to suppress the contents of any electronic surveillance. Judge Mummert recommended that the three (3) motions should be denied.

Defendant Suhail Jarabaa filed objections to Judge Mummert's Memorandum and Order and Recommendation asserting that the Magistrate Judge's conclusions were contrary to law as follows: that there was insufficient minimization of the electronic surveillance in that all minimization did not occur as soon as practical after intervention; that the electronic surveillance was not necessary in that traditional investigative techniques were not ineffective; and that the detention and questioning of him at O'Hare Airport in Chicago, Illinois and Lambert International Airport in St. Louis, Missouri were not traditional border searches, and but that they were custodial and involuntary.

The Court will overrule Suhail Jarabaa's objections regarding electronic surveillance. See discussion supra. As for defendant Suhail Jarabaa's other objections:

### A. *Airport Searches*

In regard to the search that occurred on September 9, 2007, at Lambert International Airport, the Court agrees with the Magistrate Judge that this was not a search incident to a border crossing. As Judge Mummert found, Suail Jarabaa voluntarily consented to the search and questioning, and he was not in custody at the time. In regard to the search and questioning that took place at O'Hare Airport, this was incident to a border crossing when defendant Suhail Jarabaa was entering the country. The Court agrees with the Magistrate Judge that this border search was reasonable in time and manner, and the Court will overrule defendant's objection regarding this search as well.

### VI. **MOHAMMED BADWAN**

Defendant Mohammed Badwan was indicted on two (2) counts for RICO Conspiracy (Count I) and Conspiracy to Receive Stolen Goods (Count XII). Mohammed Badwan filed four (4) pretrial motions: motion for disclosure of any favorable, exculpatory or impeaching information; motion for disclosure of evidence pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence; motion to produce memoranda relating to interviews with witnesses and to require government agents to preserve rough notes; and motion to suppress the contents of any electronic surveillance. Judge Mummert denied as moot Mohammed Badwan's motion for disclosure of any favorable, exculpatory and impeaching information and motion for disclosure pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence, and granted in part and denied in part his motion to produce memoranda relating to interviews with witnesses and to require government agents to preserve rough notes. He recommended that the remaining motion be denied.

Defendant Mohammed Badwan filed objections to Judge Mummert's Memorandum and Order and Recommendation and asserts that the Magistrate Judge's conclusions were contrary to law as follows: that there was insufficient minimization of the electronic surveillance in that all conversations were recorded, including privileged ones, with minimization to occur later; that there were no separate, identifiable guidelines to determine pertinence for purposes of minimization; that the electronic surveillance was not necessary in that traditional investigative techniques were not ineffective. Defendant Mohammed Badwan also asserts the Magistrate Judge's finding of fact was contrary to evidence adduced at the evidentiary hearing in that interpreters were not present at all times in the monitoring room during electronic surveillance.

The Court will overrule defendant Mohammed Badwan's objections regarding electronic surveillence. See discussion supra.

### VII.   MAZEN BADWAN

Defendant Mazen Badwan was indicted on three (3) counts for RICO Conspiracy (Count I), Conspiracy to Receive Stolen Goods (Count XII), and Transporting Monetary Instruments to Avoid Reporting Requirements (Count XVII). Defendant Mazen Badwan filed nine (9) pretrial motions: motion for disclosure of any favorable, exculpatory and impeaching information; motion for disclosure of intent to use Rule 404(b) and 609 evidence; motion to compel government agents to retain rough notes; motion for leave to join Said Jarabaa's motion to enforce settlement or to dismiss indictment; motion to dismiss counts against him in the indictment; motion for a bill of particulars; motion to suppress the contents of any electronic surveillance; motion to suppress his statements; and motion to suppress evidence and items seized at 1595 Clover. Judge Mummert denied as moot defendant Mazen Badwan's motion for disclosure of any favorable, exculpatory and impeaching

information and motion for disclosure pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence; granted in part and denied in part his motion to compel government agents to retain rough notes; granted his motion for leave to join Said Jarabaa's motion to enforce settlement or to dismiss indictment; and recommended that the remaining five (5) motions be denied.

Defendant Mazen Badwan filed objections to Judge Mummert's Memorandum and Order and Recommendation and asserts that the Magistrate Judge's conclusions were contrary to law as follows: that there was insufficient minimization of the electronic surveillance in that all conversations were recorded, including privileged ones, with minimization to occur later; that there were no separate, identifiable guidelines to determine pertinence for purposes of minimization; and that the electronic surveillance was not necessary in that traditional investigative techniques were not ineffective. Defendant Mazen Badwan also asserts the Magistrate Judge's finding of fact was contrary to evidence adduced at the evidentiary hearing in that interpreters were not present at all times in the monitoring room during electronic surveillance. Defendant Mazen Badwan also objects to the findings and conclusions regarding the admissibility of evidence seized during his arrest at 1595 Clover and any statement he made prior to or subsequent to that arrest. Defendant Mazen also objects to Judge Mummert's findings regarding the applicability of the settlement agreement and the Magistrate Judge's rulings regarding his motion to dismiss the indictment, for a bill of particulars, for the disclosure of any favorable, exculpatory and impeaching information, and for the disclosure of intent to use Rule 404(b) and 609 evidence.

The Court will overrule defendant Mazen Badwan's objections regarding electronic surveillance, the settlement agreement, dismissal of the indictment, a bill of particulars, and disclosures. See discussions supra. As for defendant Mazen Badwan's other objections:

13

### A. Post Arrest Statements

The Court will overrule defendant Mazen Badwan's objections regarding statements he made to the FBI following his arrest. The Court finds the evidentiary record supports the Magistrate Judge's conclusion that defendant Mazen Badwan understood the Miranda warning he was given, was able to understand the questions in the interview, and made voluntary statements. Regarding evidence seized during his arrest at 1595 Clover, the government has stated it will not seek to introduce any evidence seized from defendant Mazen Badwan's residence on the date of his arrest, and his objections will be overruled. See Gov't Resp. to Motion at 12. [Doc. 328]

### VIII. NAEL ABDELJABBAR

Defendant Nael Abdeljabbar was indicted on four (4) counts for RICO Conspiracy (Count I), Conspiracy to Receive Stolen Goods (Count XII), Receiving Contraband Cigarettes (Count XIII), and Transporting Monetary Instruments to Avoid Reporting Requirements (Count XVI). Nael Abdeljabbar filed five (5) pretrial motions: motion for disclosure of any Rule 404(b) evidence the government intends to introduce at trial; motion for disclosure of confidential informants, informers, cooperating individuals, and implanted infiltrators; motion to suppress his statements; motion for a bill of particulars; and motion to suppress the contents of any electronic surveillance. Judge Mummert denied as moot Nael Abdeljabbar's motion for disclosure of any Rule 404(b) evidence the government intends to introduce at trial, and denied his motion for disclosure of confidential informants, informers, cooperating individuals, and implanted infiltrators. He recommended that the remaining three (3) motions be denied.

Defendant Nael Abdeljabbar filed objections to Judge Mummert's Memorandum and Order and Recommendation and asserts that the Magistrate Judge's conclusions were contrary to law as

14

follows: that there was insufficient minimization of the electronic surveillance in that all conversations were recorded, including privileged ones, with minimization to occur later; that there were no separate, identifiable guidelines to determine pertinence for purposes of minimization; and that the electronic surveillance was not necessary in that traditional investigative techniques were not ineffective. Defendant Nael Abdeljabbar also asserts that the Magistrate Judge's finding of fact was contrary to evidence adduced at the evidentiary hearing in that interpreters were not present at all times in the monitoring room during electronic surveillance. Defendant Nael Abdeljabbar also objects to Judge Mummert's findings regarding the dismissal of the indictment, his motion for a bill of particulars, and the disclosure of confidential informant, informers, cooperative individuals, and implanted infiltrators.

The Court will overrule defendant Nael Abdeljabbar's objections regarding electronic surveillance, dismissal of the indictment, a bill of particulars, and the disclosures. See discussions supra.

### *IX. Mahir Mohammad*

Defendant Mahir Mohammad was indicted on one (1) count for Conspiracy to Receive Stolen Goods (Count XII). Defendant Mahir Mohammad filed three (3) pretrial motions: motion for disclosure pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence; motion for the government to retain rough notes; and motion to suppress the contents of any electronic surveillance. Judge Mummert denied as moot defendant Mahir Mohammad's motion for disclosure pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence, and granted in part and denied in part his motion for the government to retain rough notes. He recommended that the remaining motion be denied.

15

Defendant Mahir Mohammad did not file specific objections to Judge Mummert's Memorandum and Order and Reccommendation, rather he requests that the Court conduct a de novo review of defendant's motions based on the arguments asserted in his various pretrial motions. Under Eighth Circuit precedent, the Court will assume that defendant Mahir Mohammad's general objections are sufficient to require de novo review.[2] See, e.g., Hudson v. Gammon, 46 F.3d 785, 786 (8th Cir. 1995). The Court has carefully and independently reviewed the full record and has read the transcript of the evidentiary hearings held in this matter on March 9 and 10, 2009. With the noted exception that the Court does not find interpreters were present at all times in the monitoring room – a discrepancy that does not alter the Magistrate Judge's legal conclusions – the Court is in full agreement with the stated rationale of the Magistrate Judge's recommendations, and will adopt the same.

Accordingly, after careful review and, where appropriate, de novo review,

**IT IS HEREBY ORDERED** that the objections of defendants Bassam Hisham Hamed, Ghandi Hisham Hamed, Ayoub Hisham Hamed, Said Jarabaa, Suhail Jarabaa, Mohammed Badwan, Mazen Badwan, Nael Abdeljabbar, and Mahir Mohammed are overruled. [Docs. 372, 381, 382, 383, 384, 388, 392, 394, 398, 399]

**IT IS FURTHER ORDERED** that the Order and Recommendation of United States Magistrate Judge Thomas C. Mummert, III, is **sustained, adopted** and **incorporated** herein. [Doc. 364]

---

[2]Although the eight other defendants raised specific objections to the Magistrate Judge's Memorandum and Order and Recommendation, to the extent they are making general objections and asking for de novo review, this analysis would also apply.

**IT IS FURTHER ORDERED** that defendant Bassam Hisham Hamed's motion to quash search warrant or in the alternative to suppress physical evidence [Doc. 280], motion to suppress electronic surveillance [Doc. 281], motion to suppress oral and written statements [Doc. 282]; motion for bill of particulars [Doc. 285]; motion to dismiss indictment for duplicity or in the alternative multiplicity [Doc. 286] are **DENIED.**

**IT IS FURTHER ORDERED** that defendant Ghandi Hisham Hamed's motion to suppress evidence, [Doc. 277] and motion to suppress electronic surveillance [Doc. 278] are **DENIED.**

**IT IS FURTHER ORDERED** that defendant Ayoub Hisham Hamed motion to sever defendants [Doc. 307]; motion for bill of particulars [Doc. 308]; motion to suppress statements [Doc. 309]; and motion to suppress electronic surveillance [Doc. 310] are **DENIED.**

**IT IS FURTHER ORDERED** that defendant Said Jarabaa's motion for bill of particulars [Doc. 288]; motion to dismiss indictment for duplicity or in the alternative multiplicity [Doc. 289]; motion to suppress oral and written statements [Doc. 293]; motion to quash search warrant or in the alternative to suppress physical evidence [Doc. 294]; motion to dismiss indictment as to Count XI [Doc. 295]; motion to dismiss indictment to enforce settlement agreement [Doc. 297]; and motion to suppress contents of any electronic surveillance [Doc. 318] are **DENIED.**

**IT IS FURTHER ORDERED** that defendant Suhail Jarabaa's motion to suppress statements [Doc. 298]; motion to suppress physical evidence [Doc. 299]; and motion to suppress the contents of any illegally obtained electronic surveillance [Doc. 300] are **DENIED.**

**IT IS FURTHER ORDERED** that defendant Mohammed Badwan's motion to suppress electronic surveillance [Doc. 260] is **DENIED.**

**IT IS FURTHER ORDERED** that defendant Mazen Badwan's motion to dismiss indictment [Doc. 302]; motion for bill of particulars [Doc. 303]; motion to suppress contents of electronic surveillance [Doc. 304]; motion to suppress statements [Doc. 305]; and motion to suppress physical evidence [Doc. 306] are **DENIED.**

**IT IS FURTHER ORDERED** that defendant Nael Abdeljabbar's motion to suppress statements [Doc. 269]; motion for bill of particulars [Doc. 271]; and motion to suppress illegally obtained electronic surveillance evidence [Doc. 275] are **DENIED.**

**IT IS FURTHER ORDERED** that defendant Mahir Mohammed's motion to suppress the contents of any electronic surveillance [Doc. 268] is **DENIED.**

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 30th day of July, 2009.