**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CR-582 CAS |
| | ) | |
| SUHAIL JARABAA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Suhail Jarabaa's Motion to Reconsider or Correct Sentence, filed pursuant to Rule 35(a), Federal Rules of Criminal Procedure, and 18 U.S.C. §§ 3553 and 3582.  In support, defendant states the Court erred in imposing sentence upon him because although defendant was determined to be in the lowest tier of culpability of any defendant sentenced, other defendants at the lowest tier of culpability were sentenced to probation or time served, and defendants at higher tiers of responsibility were sentenced to significantly lower sentences than Suhail Jarabaa.  For the following reasons, the motion will be granted.

**Discussion**

Rule 35(a) provides that within seven days after sentencing, a "court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).  Because the sentence at issue was imposed on March 2, 2010, the Court has jurisdiction to consider defendant's motion.

The eighteen-count indictment in this case charged fourteen defendants, including Suhail Jarabaa, with various criminal violations including RICO conspiracy; conspiracy to receive stolen goods; bank fraud; conducting an unlicensed money transmitting business; purchasing, possession

and selling contraband cigarettes; wire fraud; transporting monetary instruments and funds to avoid reporting requirements; and conspiracy to structure in order to avoid reporting requirements.  Suhail Jarabaa was originally named in three of the indictment's eighteen counts.  On November 24, 2009, he pleaded guilty to conspiracy to structure in order to avoid reporting requirements, and the other counts against him were dismissed.

The Pre-Sentence Investigation Report separated the defendants in this case into five groups according to their levels of culpability with respect to the offenses charged in the indictment.  (PSR at ¶ 58).  Bassam Hisham Hamed was deemed to be the most culpable defendant as the "chief executive" of the enterprise and various criminal activities set forth in the indictment.  Next most culpable were Ghandi Hisham Hamed and Said Jarabaa as leaders and directors of other members of the enterprise.  Mohammed Badwan and Nael Abdeljabbar comprised the third tier of culpability as individuals who oversaw day-to-day operations and acted as agents for the acquisition of stolen property.  Defendant Suhail Jarabaa, along with Mazen Badwan, Ayoub Hisham Hamed and Mahmoud Ghannam, at the fourth tier of culpability, was classified as a mere participant with no leadership or management role in the enterprise.  The fifth tier of the least-culpable defendants included Rayqa Jarabaa, Mahir Mohammad, Nayef Lutfeyyah, and Shahrazad Ramadan, all of whom were dismissed from the indictment, and Abdelkarim Badwan, who is currently a fugitive.

Thus, of all of the defendants against whom charges have been actively pursued, and whom the Court has sentenced or will sentence in this case, Suhail Jarabaa is in the group of least culpable defendants.

Suhail Jarabaa was one of the first defendants in this case to be sentenced by the Court.  On March 2, 2010, the Court sentenced Suhail Jarabaa to 6 months incarceration and 2 years supervised

2

release.  At the time of Suhail Jarabaa's sentencing, the Court did not have the benefit of subsequently-filed sentencing memoranda which provided additional information concerning the nature and circumstances of the various alleged offenses and the other defendants.

None of the other defendants who were determined to be at the same tier of culpability as defendant Suhail Jarabaa were sentenced to jail time.  Mazen Badwan was sentenced to a term of time served followed by two years supervised release for the charge of RICO conspiracy.  Mahmoud Ghannam was sentenced to four years probation for the charge of RICO conspiracy.  Ayoub Hisham Hamed was sentenced to two years probation for the charge of Conspiracy to Structure in Order to Avoid Reporting Requirements.

In further contrast to Suhail Jarabaa's sentence, the most culpable defendant, Bassam Hisham Hamed, the alleged "chief executive" of the enterprise, was sentenced to a term of three years probation for the charge of conspiracy to structure in order to avoid reporting requirements; Said Jarabaa, a purported leader and organizer of the enterprise at the second tier of culpability, was sentenced to a term of six months work release followed by eighteen months of supervised release for the charge of RICO conspiracy; and Nael Abdeljabbar, at the third tier of culpability, was sentenced to three years probation.

The plea agreements for Bassam Hisham Hamed and Said Jarabaa provided for greater potential sentencing ranges than Suhail Jarabaa.  The Court is not aware of any distinctions in the personal history and characteristics of these two defendants which would justify the imposition on them of less severe sentences than that received by Suhail Jarabaa, notwithstanding their greater culpability in the instant case.  In other words, the criminal history levels of defendant Bassam Hisham Hamed and Said Jarabaa are the same or greater than that of Suhail Jarabaa (who has a

Criminal History category of I), and neither of the more culpable defendants warranted a reduced sentence by virtue of providing assistance to the Government.  If anything, Suhail Jarabaa's personal history and characteristics would call for a more lenient sentence than those received by Bassam Hisham Hamed and Said Jarabaa.

**Conclusion**

Collectively, these factors indicate the Court committed clear error under Rule 35 and/or imposed a sentence that is fundamentally unreasonable pursuant to 18 U.S.C. § 3553, because it sentenced Suhail Jarabaa prior to having the benefit of the additional sentencing memoranda and other information referred to above, and thus was not able to be fully apprised of the nature and circumstances of the offense as required by § 3553 (a)(1); the imposition of less severe sentences on co-defendants who are substantially more culpable than Suhail Jarabaa generates unwarranted sentencing disparity in violation of § 3553 (a)(6); and the imposition of a less severe sentence on similarly-situated co-defendants clearly demonstrates that the sentence imposed on Suhail Jarabaa is in fact "greater than necessary" to achieve the goals of sentencing in contravention of § 3553's mandate.  Defendant Suhail Jarabaa's motion to correct the sentence should therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Suhail Jarabaa's Motion to Reconsider or Correct Sentence is **GRANTED** as set forth herein.  [Doc. 613]

**IT IS FURTHER ORDERED** that the Judgment as to Suhail Jarabaa is **vacated**.  [Doc. 608]

4

**IT IS FURTHER ORDERED** that resentencing proceedings for Suhail Jarabaa shall be set by separate order.

_____

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of March, 2010.

5